In the matter of the alleged Lunacy of ABRAHAM WHITENACK.

Reasonable notice of the time and place of taking of an inquisition of lunacy, should he given to the alleged lunatic; arid the want or defect of notice is not aided by his appearing before the jury and attempting a defence.

An inquisition of lunacy taken without due notice, will be set aside, and a new commission awarded.

PETITION, by an alleged lunatic, to set aside the inquisition of lunacy, for want of due notice of the time and place of taking the same. The chancellor having been of counsel for one of the parties, the motion was heard before George K. Drake, esquire, one of the masters of the court.

*G. A. Vroom*, for petitioner.

*Hartwell*, contra.

THE MASTER. Upon the petition of Urias Stryker, of the county of Somerset, a commission was issued from this court, to inquire whether Abraham Whitenack, of the township of Hillsborough, in said county of Somerset, is a lunatic, &c.; which commission was executed, and an inquisition taken on the thir-

tieth day of May, A. D. one thousand eight hundred and thirty-four; whereby it was found that the said Abraham Whitenack was then, and had been for thirty months before and upwards, a lunatic enjoying lucid intervals, and that he was not capable of the government of himself, his goods and chattels, lands and tenements.

On the tenth day of June following, the said Abraham White-nack filed his petition, stating among other things, that no notice of the taking of the inquisition had been served on him; that about thirty hours before the taking of the inquisition, he heard for the first time, by one of his neighbors, that some proceedings were to be had at Hogtown about his person and property, but what it was he did not, nor could he understand; that he sent his son to obtain information and employ counsel; that on the morning of the day on which the inquisition was taken, his son came and informed him that a jury was to be called for the purpose of inquiring whether he was a lunatic. He adds, that he appeared in person and by his counsel before the commissioners and jurors, but that he had no opportunity of making that defence and explanation which the importance of the case demanded.    And he therefore prayed that the said commission may be suspended, or that he might have leave to traverse the said inquisition.  Whereupon all further proceedings on the commission were suspended.

In the case of *Tracy,* 1 *Paige,* 580, it was decided to be the privilege of a party against whom a commission of lunacy is issued, to be present at and to have notice of its execution. And this case is cited with approbation by chancellor Vroom, in the case of *Daniel Applegate;* and the necessity of giving notice to a lunatic or his friends, as a general rule, is established, and there having been no notice in that case, the rule confirming the inquisition was set aside, and a new commission directed.

The present case is one in which notice should have been given to the lunatic himself.  He was a man of large estate, real and personal, and who, up to the time of the taking of the

[In the matter of the alleged Lunacy of Abraham Whitenack.]

inquisition, was in the habit of making contracts and managing his property.

If notice should be given, it should be a reasonable notice. That which was obtained indirectly in this case, was in effect no notice. Nor does it much vary the case, in my mind, that the lunatic appeared in person and by counsel, and, as is proved by affidavits taken on the part of the petitioner, was examined himself, and had some witnesses examined by the commissioners and jury.

In ordinary cases, an appearance cures a defective service of notice. And it is a very proper rule, where the appearance precedes for a considerable length of time the trial or investigation, or where the investigation is preliminary, or of but minor importance. But it appears to me that it should have little or no effect in this case, where a man, lunatic, or of doubtful capacity, is called upon suddenly to act upon a matter involving the control of his person and property. If, under such circumstances, he should attempt a defence, it is not such an acquiescence in the proceeding as should bind him, and he should have an opportunity for re-investigation.

The only question in my mind is the manner in which this should be done. Whitenack asks that the commission should be superseded, or that he may be permitted to traverse it. Whether a traverse is to be considered in New-Jersey a matter of right or not, I think it should not be denied in such a case as this. And it also appears to me, that, although there was an appearance, and a defence, necessarily imperfect under the circumstances, was attempted before the commissioners and jury, yet it is within the discretion of this court to take the same course pursued in the case of *Applegate ;* and I am therefore of opinion that the inquisition should be set aside, and that a new commission should issue, and that due notice should be given to Abraham Whitenack, the alleged lunatic, of the time and place of executing it ; and that the question of costs be reserved.

                              GEORGE K. DRAKE, Master in Chancery.

Order accordingly.